**SO ORDERED.**

**SIGNED this 31 day of December, 2015.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-03020-5-DMW |
| JOHN C. SHEETZ, SR. | CHAPTER 7 |
| DEBTOR | |

### ORDER OVERRULING CREDITOR'S OBJECTION TO DEBTOR'S EXEMPTIONS AND DENYING CREDITOR'S MOTION TO AMEND PLEADINGS

This matter comes on to be heard upon Engell's Objection to Debtor's Exemptions ("Objection") filed by Jay K. Engell ("Engell") on August 26, 2015, the Response to Document Titled Creditor's Objection to Debtor's Exemptions ("Response") filed by John C. Sheetz, Sr. ("Debtor") on September 28, 2015, and Engell's Motion to Amend Pleadings ("Motion to Amend") filed by Engell on October 27, 2015.  The court conducted a hearing ("Hearing") in Greenville, North Carolina on October 27, 2015.  Phillip H. Hayes, Esq. appeared for Engell, and John G. Rhyne, Esq. appeared on behalf of the Debtor.  Based upon the pleadings and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

FACTS

2. The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on June 1, 2015. On June 3, 2015, Engell was served with a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines. This notice set a deadline of August 31, 2015 ("Bar Date") for filing a complaint objecting to the Debtor's discharge or challenging the dischargeability of certain debts.

3. Engell filed the Objection on August 26, 2015, five days before the Bar Date. The Objection asserts that the Debtor is indebted to Engell in the amount of $477,874.17 as a result of a state court judgment for fraud and violations of North Carolina's Unfair and Deceptive Trade Practices Act,[1] and that this debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)[2] and Rule 4004 of the Federal Rules of Bankruptcy Procedure.

4. The Response to the Objection asserted, *inter alia*, that Engell's objection to the dischargeability of the state court judgment was improper because it was not filed as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Prior to the Response, on September 1, 2015, the Clerk of this court notified Engell of this procedural deficiency.

---

[1] *See* N.C. Gen. Stat. §§ 75-1 to 75-145 (2015).
[2] Providing that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A).

5.  Engell filed the Motion to Amend on the day of the Hearing. The Motion to Amend asserted that Engell "in good faith believed that the [Objection] in this case could be asserted by motion rather than by formal Complaint in Adversary Proceedings," Mot. to Amend Pleadings, DE 40 at ¶4, and that the Objection was substantively equivalent to a complaint because it contained "the essentials of a Federal [sic] Complaint." *Id.* at ¶7.

ANALYSIS

6.  Engell mistakenly relies on Rule 4004 of the Federal Rules of Bankruptcy Procedure, which allows the filing of an objection by motion in a Chapter 7 case *only* for objections to the debtor's discharge based on 11 U.S.C. § 727 (a)(8) or (a)(9). All other objections to the debtor's discharge in a Chapter 7 case require the filing of a complaint. Fed. R. Bankr. P. 4004(a). More importantly, objections to discharge under Rule 4004 challenge whether the court will grant the debtor a general discharge under 11 U.S.C. § 727, not whether a particular debt is nondischargeable under 11 U.S.C. § 523. Here, the Objection was in opposition to the dischargeability of a particular debt[3] under 11 U.S.C. § 523(a)(2)(A) rather than the Debtor's receipt of a general discharge. Accordingly, Rule 4004 does not apply to Engell's Objection.

7.  Procedures for determining the dischargeability of a particular debt are governed by Rule 4007 of the Federal Rules of Bankruptcy Procedure. Rule 4007(a) provides that "[a] debtor or any creditor may file a *complaint* to obtain a determination of the dischargeability of any debt." *Id*. (emphasis added). A proceeding to determine the dischargeability of a debt must be an adversary proceeding. Fed. R. Bankr. P. 7001(6). Rule 3 of the Federal Rules of Civil Procedure applies in adversary proceedings and requires a civil action to be commenced by filing a complaint with the court. Fed. R. Civ. P. 3; Fed. R. Bankr. P. 7003. "[A] complaint to determine the

---

[3] The debt Engell seeks to have determined to be nondischargeable is the state court judgment.

3

dischargeability of a debt under [§ 523(a) (2), (4) or (6)] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Thus, it is clear from the plain language of the applicable rules that a creditor objecting to the dischargeability of a debt must do so by filing a complaint with the court no later than 60 days after the first date set for the 341 meeting.

8. In this case, the Bar Date was 60 days after the scheduled meeting of creditors, and Engell did not file a complaint before the Bar Date. Instead, Engell filed a general pleading in the Debtor's case. That pleading is the Objection and is not an adversary proceeding. *See Nabco, Inc. v. Holmes (In re Holmes)*, 393 B.R. 95, 98 (Bankr. M.D.N.C. 2008) ("Nabco's motion objecting to the Debtor's discharge does not constitute an adversary proceeding."). The Objection purports to be pursuant to Rule 4004 but provides no basis for challenging the Debtor's receipt of a discharge under 11 U.S.C. § 727. Accordingly, the Objection is overruled.

9. In addition to being procedurally incorrect, the Motion to Amend is not timely filed. In the Motion to Amend, Engell first urges this court to allow it to amend the Objection into a validly filed complaint, and thereby cure the procedural deficiency, on the basis of its "good faith" misinterpretation of Rule 4004; however, as discussed, *supra*, Rule 4004 is inapplicable to the instant matter. A necessary premise for a successful argument that a statute has been misinterpreted in good faith is that the statute applies to the position asserted.

10. Even if the court were to assume that Rule 4004 were the governing rule, Engell's claim of good faith misinterpretation remains incredible. The basis of Engell's argument is that the mistake was reasonable because Rule 4004 allows objections to be filed by motion "under certain circumstances." Mot. to Amend Pleadings, DE 40 at ¶3. In fact, Rule 4004 allows objection by motion in Chapter 7 cases in exactly two instances, both of which are referred to in the Rule:

4

> In a chapter 7 case, a complaint, *or a motion under § 727(a)(8) or (a)(9) of the Code*, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4004(a) (emphasis added). The plain language of Rule 4004 clearly provides that the objection may be filed by motion *only* when it is based on § 727(a)(8) or (a)(9). The summary proceedings by a motion are allowed *only* when objecting to a discharge on the basis of a debtor's previous discharge under Chapter 7 or 11 within eight years of the petition date of the current case, 11 U.S.C. § 727(a)(8), or on the basis of a debtor's previous discharge under Chapter 12 or 13 within 6 years of the petition date of the current case, 11 U.S.C. § 727(a)(9). Given that the court is generally taking notice of prior court actions in these motions, the plenary process of an adversary proceeding to protect due process rights was found to be unnecessary by Congress. It is difficult to fathom how Engell believed filing a motion, rather than a complaint, was permissible when the Rule specifically enumerates the two instances where use of motion practice is acceptable, and those instances are so far afield from the actual basis of Engell's Objection. In fact, the Motion to Amend cannot support the application of the misinterpretation argument:

> *Upon further reading of the applicable statutes and rules*, it appears that a formal complaint and adversary proceedings are the appropriate procedural measures for the assertion of Engell's Objection as filed on August 26, 2015

Mot. to Amend Pleadings, DE 40 at ¶5 (emphasis added). The statue is quite clear and unambiguous. The necessary "further reading of the applicable statutes and rules" is to be conducted *before* a party files a pleading with this court, not afterwards in an attempt to salvage a defective pleading.

11. Additionally, Engell urges the court to allow the Motion to Amend because its Objection contained "the essentials of a Federal [sic] Complaint." Those "essentials" are not met. Engell never paid any filing fee for the Objection, nor was a summons ever issued and served upon

5

any party. Further, the Objection failed to state the basis for the court's jurisdiction, failed to characterize the matter as core or non-core as required by Rule 7008, and failed to include an adversary caption or case number. [4] In short, Engell missed the Bar Date and now wishes to convert the Objection to a complaint and treat that complaint as timely filed. Thus, the Motion to Amend is, in substance, a motion to extend the time for filing a complaint under 11 U.S.C. § 523(c) and is governed by the provisions of Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

12. Rule 4007 provides for extension of the sixty day deadline: "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Fed. R. Bankr. P. 4007(c). However, "[t]he motion *shall* be filed *before* the time has expired." *Id*. (emphases added). The court lacks discretion to extend the deadline when the motion to extend is not timely filed. *See* Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rules . . . 4007(c) . . . *only to the extent* and under the conditions stated in those rules.") (emphasis added); *Hartford Accident & Indem. Co. v. Mulvaney* (*In re Mulvaney*), 179 B.R. 806, 809 (Bankr. E.D. Va. 1995) ("Congress has made its intent clear: the Court may only act upon a motion of any party in interest, and *only* when that motion is made before the time for filing a complaint has expired.").

---

[4] Even if the Objection had been properly styled as a complaint, Engell's failure to pay timely the filing fee would warrant the dismissal of the adversary proceeding. *Hartford Accident & Indem. Co. v. Mulvaney* (*In re Mulvaney*), 179 B.R. 806, 809 (Bankr. E.D. Va. 1995) (dismissing a creditor's complaint to determine dischargeability as untimely where Engell filed the complaint on the last day before the deadline, but failed to remit a filing fee to the clerk until two days after the deadline). *See also Stewart v. Richards (In re Richards)*, 2 B.R. 219 (Bankr. M.D.N.C. 1980) (dismissing creditor's complaint to determine dischargeability as untimely where creditor timely filed complaint, but, after notice from court, failed to comply with a local rule requiring representation by the local bar, and failed to move to extend the time to file before the deadline). *But see Barrazo v. Carter (In re Carter)*, 516 B.R. 638 (Bankr. D.N.M. 2014) (treating creditor's timely motion as a complaint and allowing creditor time to cure deficiencies where clerk recognized creditor's error and docketed the motion as an adversary proceeding, and where creditor then paid filing fee one day after the deadline).

13. As previously discussed, the Bar Date was August 31, 2015. Engell filed the Motion to Amend nearly two months past this deadline, on October 27, 2015. Moreover, while the Objection in this case was timely filed, it is not itself a motion to extend the time to file a complaint. *See In re Holmes*, 393 B.R. at 97-98 (holding that a creditor's objection to discharge did not constitute a motion requesting an extension of time under Rule 4004(b)). Accordingly, because the Objection did not request an extension of time to file a complaint, and because the Motion to Amend was filed after the deadline under Rule 4007(a), the court cannot allow an extension of time to file a complaint under Rule 4007(c).

## CONCLUSION

14. To challenge the dischargeability of its state court judgment, Engell was required either to file a complaint or a motion for an extension of time before August 31, 2015, neither of which Engell did. Accordingly, Engell's objections to dischargeability of the state court judgment are time-barred. This outcome is consistent with the plain language of the Federal Rules of Bankruptcy Procedure and well-supported by the reasoning of other bankruptcy courts within the Fourth Circuit. "By justifying the acceptance of an untimely complaint, we would be creating a new substantive right, which this Court refuses to do without Congressional mandate. This Court is bound by the plain language of Rule 4007(c)." *In re Mulvaney*, 179 B.R. at 810. The court agrees with this reasoning in *Mulvaney* and is similarly bound by the plain language of the Federal Rules of Bankruptcy Procedure; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Objection is overruled and the Motion to Amend is denied.

END OF DOCUMENT