UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No: 2:16-CV-00005-BR

JAY K. ENGELL,
              Appellant,

   v.                                   ORDER

JOHN C. SHEETZ, SR.,
              Appellee.

      This matter is before the court on Debtor-Appellee John C. Sheetz, Sr.'s ("Sheetz")

motion to dismiss appeal.  (DE # 16.)  Creditor-Appellant Jay K. Engell ("Engell") did not file a

response to the motion, and the time within which to do so has expired.

      On 1 June 2015, Sheetz filed a Chapter 7 bankruptcy petition with the bankruptcy court

for the Eastern District of North Carolina.  In connection with that case, Sheetz listed Engell as a

creditor holding a secured claim for an "unknown" amount based on a prior state court judgment

rendered against Sheetz.  (DE # 3-1, at 23, 39.)  The bankruptcy court established 31 August

2015 as the deadline for creditors to object to Sheetz's discharge or to challenge the

dischargeability of certain debts.  (Id. at 56.)  On 26 August 2015, Engell filed a document titled

"Creditor's Objection to Debtor's Exemptions" ("Objection"), claiming that the state court

judgment could not be discharged because it was for money obtained through fraud and unfair

and deceptive trade practices and was therefore excepted from discharge under 11 U.S.C. §

523(a)(2)(A).  (Id. at 71-79.)  On 27 October 2015, Engell filed a document titled "Creditor's

Motion to Amend Pleadings."  (Id. at 84-86.)

After a hearing, on 31 December 2015 the bankruptcy court entered an order overruling the Objection and denying the motion to amend.  Specifically, the court concluded that because Engell was opposing the dischargeability of a particular debt under § 523, he was required to file a complaint to initiate an adversary proceeding, which the Objection did not constitute.  (Id. at 90-91.)  The court found that Engell's motion to amend was, in substance, a motion to extend time to file a complaint under § 523(c), and because Engell had filed the motion outside the 31 August 2015 deadline, the court lacked the discretion to extend the deadline.  (Id. at 92-94.)  On 5 January 2016, the bankruptcy court entered an order amending the 31 December 2015 order.[1] (Id. at 95-101.)  On 20 January 2016, the bankruptcy court granted Sheetz a discharge pursuant to 11 U.S.C. § 727.  (Id. at 102-03.)  On 3 February 2016, Engell filed a notice of appeal, identifying the 20 January 2016 order of discharge from which appeal is taken.  (Id. at 104-05.)

On 12 April 2016, Sheetz filed a motion to dismiss the appeal.  Sheetz argues that Engell's notice of appeal was filed beyond the fourteen-day period provided in the Federal Rules of Bankruptcy Procedure.  (DE # 17.)

Federal district courts have jurisdiction over appeals from final judgments, orders, and decrees of the federal bankruptcy courts (and interlocutory orders and decrees with leave of court).  28 U.S.C. § 158(a)(1), (3).  Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  Id. § 158(c)(2).  Federal Rule of Bankruptcy Procedure 8002(a)(1) states, with exception not relevant here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  "It is well-settled that, if a prospective appellant fails to timely file his

---

[1] Other than the case numbers, the orders are identical.

notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal." Chien v. Commonwealth Biotechnologies, Inc., 484 B.R. 659, 663 (E.D. Va. 2012) (citing Smith v. Dairymen, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986)).

In this case, there is no dispute that the order which Engell designates as the order he appeals, i.e., the 20 January 2016 discharge order, is final. Cf. Wieland v. Gordon (In re Gordon), 526 B.R. 376, 380 (B.A.P. 10th Cir. 2015) (recognizing that "[a]n order denying a debtor's discharge [under § 727] in bankruptcy is a final order for purposes of appeal"); Robin Singh Educ. Servs., Inc. v. McCarthy, 488 B.R. 814, 824 (B.A.P. 1st Cir. 2013) (same). Further, there is no dispute that his notice of appeal was timely filed *as to that order*. However, closer examination reveals that the 20 January 2016 order is not, in reality, the order Engell appeals.

As discussed previously, in its 31 December 2015 order, the bankruptcy court concluded that Engell had not properly filed a complaint to contest the dischargeability of the state court judgment under § 523 and in its 20 January 2016 order, it granted Sheetz a discharge under § 727. Discharge under § 727 is an entirely distinct process from the dischargeability of a particular debt under § 523. See generally Cohen v. Abramowitz, 549 B.R. 316, 331-32 (W.D. Pa. 2016). "Section 727 of the Bankruptcy Code allows debtors to receive a general discharge of their debt in keeping with the Code's purpose of giving honest debtors a fresh start unhampered by the pressure and discouragement of preexisting debt." U.S. Tr. v. Sieber (In re Sieber), 489 B.R. 531, 544 (Bankr. D. Md. 2013) (internal quotation marks and citation omitted). Generally speaking, the effect of a discharge under § 727 is the debtor is no longer personally liable for all debts that arose prepetition, other than those debts excepted under § 523. See 11 U.S.C. §§ 524(a), 727(b). The bankruptcy court must grant the debtor a discharge unless a specific ground, such as the debtor fraudulently made a false oath in connection with the case, is

3

established.  Id. § 727(a).  If discharge is denied, the debtor's "assets and future income remain subject to the claims of *all* of his[/her] creditors."  David G. Epstein et al., Bankruptcy 473-74 (1993).

Section 523(a) identifies certain debts which are excepted from discharge under § 727. For example, and relevant here, money obtained by "false pretenses, a false representation, or actual fraud" is nondischargeable.  11 U.S.C. § 523(a)(2)(A).

> The nondischargeability of a debt means that the personal liability of the individual debtor is not released as to that particular debt by a general discharge.  It continues during and after the case.  The creditor with a nondischargeable debt thus has rights against the debtor in addition to rights against the estate.  In other words, the creditor with a nondischargeable debt may resort to property acquired by the debtor after the commencement of the case as a source for payment.

4 Collier Bankruptcy Practice Guide ¶ 76.02 (Alan N. Resnick & Henry J. Sommer eds., 2015). Thus, the concept of dischargeability is not antithetical to a general discharge.  In fact, "[i]t is extremely common for a debtor with nondischargeable debts to receive a discharge."  6 Collier on Bankruptcy ¶ 727.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016).

On this appeal, Engell is challenging dischargeability.  His statement of the issue to be presented on appeal is

> Whether the Bankruptcy Court committed an error of law or an abuse of discretion in granting the Debtor, John C. Sheetz, Sr. a discharge of the debt owed to Creditor Jay K. Engel [sic] where said debt has been judicially determined in North Carolina State Court to be the result of fraud committed by the Debtor?

(DE # 3, at 1.)  This issue pertains to the dischargeability of the state court judgment under § 523, not Sheetz's general discharge under § 727.  Furthermore, Engell's primary argument on appeal is the bankruptcy court should have construed the Objection as a timely filed complaint and therefore should have granted his motion to amend based on the relation back doctrine in Fed. R. Civ. P. 15(c).  (See Br., DE # 21, at 9-12.)  This argument directly contests the

4

bankruptcy court's rulings in its 31 December 2015 order; the granting of the discharge on 20 January 2016 had nothing to do with these issues.[2]  Thus, the order Engell actually appeals is the 31 December 2015 order, and that order is final for purposes of appeal, see Lure Launchers, LLC v. Spino, 306 B.R. 718, 720 (B.A.P. 1st Cir. 2004) ("To the extent that the Order denied the Appellant's request for an extension of time to object to the dischargeability of the Debtor's obligations to the Appellant, it is a final order because it did conclusively determine that any complaint which the Appellant may wish to file would be untimely." (citation omitted)); cf. deBenedictis v. Brady-Zell, 500 B.R. 295, 301 (B.A.P. 1st Cir. 2013) ("A bankruptcy court's determination regarding the dischargeability of a debtor's obligations under § 523(a)(2) is a final appealable order." (citations omitted)).

Engell did not file his notice of appeal within fourteen days of that order.  Accordingly, his appeal is untimely, and the motion to dismiss is ALLOWED.  The appeal is hereby DISMISSED.[3]

This 24 June 2016.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] Engell's secondary appellate argument—that Sheetz is collaterally estopped from asserting the state court judgment is dischargeable—is irrelevant to the court's analysis here as it rises or falls on the success of his primary argument.  (See Br., DE # 21, at 12.)

[3] The result is the same if one considers the amended order as the order Engell appeals.

5